UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BIOWAY CORPORATION PTE.LTD,<br><br>    Plaintiff,<br><br>  v.<br><br>BIOWAY AMERICA, INC., JOHAN VAN DIJK and JOSEPH MURRAY,<br><br>    Defendants. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 10-5588(JEI)<br><br>**OPINION** |
| BIOWAY AMERICA, INC.,<br><br>    Third-Party<br>    Plaintiff,<br><br>  v.<br><br>BONNO KOERS and HAWAIIAN DREDGING CONSTRUCTION COMPANY,<br><br>    Third-Party<br>    Defendants. | |

**APPEARANCE:**

STARK & STARK, PC
By:  Kevin M. Hart
P.O. Box 5315
Princeton, NJ 08543
        Counsel for Plaintiff Bioway Corporation PTE.LTD

JERRY & JERRY, LLP
By: Harold A. Jerry, III
101 Poor Farm Road
P.O. Box 310
Princeton, NJ 08542-0310
        Counsel for Defendants Johan Van Dijk and Joseph Murray
        and Defendant and Third-Party Plaintiff Bioway America,
        Inc.

COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.
By:  Michael R. Yellin, Esq.
25 Main Street

```
P.O. Box 800
Hackensack, NJ 07602-0800
          Counsel for Third-Party Defendant Hawaiian Dredging
          Construction Company.
```

**IRENAS**, Senior District Judge:

This matter comes before the Court on the Notice of Removal of Third-Party Defendant Hawaiian Dredging Construction Company ("HDCC"). This Court issued an Order to Show Cause on November 15, 2010, in order to determine if the Court had subject matter jurisdiction over the present matter. For the reasons set forth below, this Court finds that removal was improper because this Court lacks subject matter jurisdiction over the action.

## I.

HDCC is the general contractor for a construction project in Hawaii. Defendant and Third-Party Plaintiff Bioway America, Inc. ("Bioway America") provided HDCC a quote for air purification work to be done on the construction project. Although HDCC accepted Bioway America's quote, Bioway America could not perform the work for HDCC. Instead, Plaintiff Bioway Corporation PTE.LTD ("Bioway Singapore") entered into a contract with HDCC to perform the work for which Bioway America had provided the quote. In connection with this arrangement, Bioway America and Bioway Singapore entered into an agreement pursuant to which Bioway Singapore would compensate Bioway America for procuring the

2

contract.[1]

Bioway Singapore initiated this case in New Jersey Superior Court.  In its complaint (the "Original Complaint"), Bioway Singapore sued Bioway America and Defendants Johan Van Dijk and Joseph Murray for injunctive relief and money damages.  The Original Complaint alleges that the Defendants attempted to hinder Bioway Singapore's completion of the project by making false, fraudulent and defamatory statements.  On June 10, 2010, the Defendants filed a Notice of Removal of the Original Complaint in this Court.  This Court found removal improper for lack of subject matter jurisdiction and remanded the Original Complaint to New Jersey Superior Court.

On September 2, 2010, Defendants Bioway America, Van Dijk and Murray filed a third-party complaint (the "Third-Party Complaint") in New Jersey Superior Court against HDCC and Third-Party Defendant Bonno Koers, alleging that HDCC failed to make payments allegedly due to Bioway America in relation to the project and that Koers interfered with Bioway America's contractual rights.[2]

---

[1] Bioway America has presented, at oral argument and in its pleadings, a more complicated view of the factual background of the dispute.  Bioway America asserts that Third-Party Defendant Koers, with the approval of HDCC, stole corporate assets from Bioway America and transferred them to Bioway Singapore.

[2] HDCC assert that "[t]o the best of [HDCC]'s information and belief, third party defendant Koers has not yet been served in this action."  (Notice of Removal ¶ 12).

HDCC filed the Notice of Removal with this Court on October 26, 2010. This Court issued the Order to Show Cause on November 15, 2010.

## II.

The question before this Court is whether, and if so, under what circumstances, a third-party defendant such as HDCC may remove a case to federal court.[3] This issue has been much analyzed. Judge Debevoise, in *Patient Care, Inc. v. Freeman*, 755 F. Supp. 644 (D.N.J. 1991), presented a particularly comprehensive analysis of the issue, much of which will not be duplicated in this Opinion.

The majority-view on this issue is that third-party defendants may never remove a case to federal court. *See Patient Care, Inc.*, 755 F. Supp. at 646-47. Courts accepting the majority-view typically begin with the Congressional purpose

---

[3] The removal statute reads, in relevant part: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). It further reads: "Whenever a separate and independent claim or cause of action within the [federal question jurisdiction of the federal courts] is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates." 28 U.S.C. § 1441(c)

4

of restricting the jurisdiction of federal courts on removal. *Id.* at 647. These courts then look to the text of the removal statute, 28 U.S.C. § 1441, and find that it refers to removable claims as being "joined" with a nonremovable claim, § 1441(c), and only allows removal "by the defendant or the defendants." § 1441(a). Because a third-party claim is not joined with the nonremovable claims (but is typically antagonistic to those claims), and because third-party defendants are not defendants, the text of § 1441 does not support third-party removal. *See Patient Care, Inc.*, 755 F. Supp. at 647-48.

There also strong policy arguments in support of the majority-view. Allowing third-party defendants to remove to federal court would require the plaintiff to litigate in a forum that he did not choose, and in many instances in which he could not anticipate being forced to litigate.[4] *Id.* at 648. Finally, concerns of federalism warn against allowing removals by third-party defendants, as such removals may greatly expand the limits of federal judicial power and bring cases into federal courts which are not within federal courts' original jurisdiction. *Id.*

Judge Debevoise in *Patient Care, Inc.*, though, opted to accept the minority view that third-party defendants may remove if the third-party complaint is "separate and independent" from

---

[4] This is of particular significance in the present case, as the Original Complaint was remanded for lack of subject matter jurisdiction after the Defendants' removal.

the main cause of action. Judge Debevoise's opinion noted that § 1441(c), on its own terms, does not limit removal to those "joined" with nonremoval claims. *See Patient Care, Inc.*, 755 F. Supp. at 649. Further, the opinion notes that third-party defendants are in fact defendants under § 1441(a) in so far as they have been dragged into state court by service of process. *Id.*

Judge Debevoise also noted that third-party defendants have an interest in having federal claims against them heard in federal court, and that "the presence of removal jurisdiction should not turn on the fortuity of whether a party is impleaded or sued directly." *Id.* Judge Debevoise specifically questioned how the majority view could accomodate cases in which a third-party claim was within the exclusive jurisdiction of the federal courts. *Id.* at 649-50.[5]

### III.

Under either the majority or minority view, the present case must be remanded to state court. Even if this Court were to accept the minority view, HDCC has not shown that the third-party claim against it is "separate and independent" from the

---

[5] In this Court's opinion, though, there is a way in which the majority view could accomodate such a case. The state court could, and should, dismiss the third-party complaint for lack of subject matter jurisdiction. The defendant would then be free to assert a new action against the third-party defendant in federal court.

other claims in the action.  Bioway Singapore's claim against Bioway America in the Original Complaint relates to an alleged attempt by Bioway America to hinder work Bioway Singapore was performing for HDCC.  Bioway America brought the Third-Party Complaint against HDCC alleging that Bioway America was owed compensation related to the work of Bioway Singapore.  The parties and their lawsuits are intertwined to such a great extent it would be impossible to consider the Third-Party Complaint separately or independently from the Original Complaint, and therefore remand is necessary.

Although this Court need not endorse either the majority view or minority view to determine whether remand is appropriate in the present case, the Court finds the arguments in support of the majority view persuasive.

The Court also notes that there is a tension between the rules which allow defendants to bring third-party claims and the minority view, which allows removal of third-party complaints that are deemed "separate and independent."  Under the Federal Rules of Civil Procedure and most state rules, defendants can bring third-party complaints only if there is some relationship between the third-party complaint and the original complaint.

For instance, under the New Jersey Civil Practice Rules, a defendant as a third-party plaintiff may bring a third-party complaint against any person not a party to the original action

"who is or may be liable to defendant for all or part of the plaintiff's claim against defendant...." R. 4:8-1(a).[6]  Thus, by its very nature a third-party complaint is related to the dispute in the original complaint.  To try to define a class of case in which the third-party complaint is related enough to the original complaint to justify a third-party complaint, yet is "separate and independent" enough to justify removal, will surely result in wasteful motion practice.[7]

---

[6] The language of Rule 4:8-1(a) is almost exactly the same as Fed. R. Civ. P. 14(a)(1) ("A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."), and mirrors the rules for third-party practice of many other states.  *See*, *e.g.,* Del. Civ. R. 14 ("At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff."); Mo. Sup. Ct. R. 52.11 ("At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and petition to be served upon a person not a party to the action who is or may be liable to the defending party for all or part of the plaintiff's claim against the defending party."); Fl. R. Civ. P. 1.180 ("At any time after commencement of the action a defendant may have a summons and complaint served on a person not a party to the action who is or may be liable to the defendant for all or part of the plaintiff's claim against the defendant, and may also assert any other claim that arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim.").

[7] As noted by Judge Debevoise, as a practical matter, very few third-party claims meet the high bar of being removable.  *See Patient Care, Inc. v. Freeman,* 755 F. Supp. 644, 651 n. 13 (D.N.J. 1991).

**IV.**

For the reasons set forth above, this case is remanded to the Superior Court of New Jersey.  An appropriate Order accompanies this Opinion.


Dated: December 6, 2010

                                          s/ Joseph E. Irenas
                                          JOSEPH E. IRENAS, S.U.S.D.J.